UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ALYSSA G. SUTHERLAND<br>on behalf of J.J.M.O.,<br>      Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO, Commissioner<br>of the Social Security Administration,<br>      Defendant. | )<br>)<br>)<br>)<br>)   CAUSE NO.: 1:24-CV-486-JEM<br>)<br>)<br>)<br>) |

**OPINION AND ORDER**

This matter is before the Court on a Complaint [DE 1] filed by Plaintiff on November 15, 2024, and Plaintiff's Opening Brief [DE 12], filed February 24, 2025. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On April 30, 2025, the Commissioner filed a response. Despite requesting an extension of time within which to do so, Plaintiff did not file a reply.

**I.    Background**

On March 18, 2022, Plaintiff filed an application for benefits alleging that the minor child claimant became disabled as of March 1, 2021. Plaintiff's application was denied initially and upon consideration. On January 23, 2024, an Administrative Law Judge ("ALJ") held a hearing at which the claimant's mother, along with an attorney, and a vocational expert ("VE") testified, but the minor claimant did not. On February 6, 2024, the ALJ issued a decision finding that Plaintiff was not disabled.

The ALJ made the following findings under the required five-step analysis:

1.    The claimant was a school-age child on the date the application was filed and is currently a school-age child.

1

2. The claimant has not engaged in substantial gainful activity since March 18, 2022, the alleged onset date.

3. The claimant has the following severe impairments: attention deficit hyperactivity disorder and low average to borderline intellectual functioning.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5. The claimant does not have an impairment or combination of impairments that functionally equals the severity of the listings.

6. The claimant has not been under a disability, as defined in the Social Security Act, since March 18, 2022, the date the application was filed.

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. [DE 16]. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## II.   Standard of Review

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ "will reverse an ALJ's decision only if it is the result of an error of law or if it is unsupported by substantial evidence." *Tutwiler v. Kijakazi*, 87 F.4th 853, 857 (7th Cir. 2023). "A reversal and remand may be required, however, if the ALJ committed an error of law, or if the ALJ based the decision on serious factual mistakes or omissions." *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th

Cir. 2014). At a minimum, "[a]n ALJ must provide an adequate 'logical bridge' connecting the evidence and [the] conclusions, but an ALJ's opinion need not specifically address every single piece of evidence." *Tutwiler v. Kijakazi*, 87 F.4th 853, 857 (7th Cir. 2023) (quoting *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010)).

### III. Analysis

Plaintiff argues that the ALJ erred in weighing the physician reports in the record and asserts that Plaintiff satisfies the criteria for functional equivalence of the listings for at least two marked limitations. The Commissioner argues that the opinion is supported by substantial evidence.

Plaintiff argues that the ALJ's evaluation of the claimant's functional equivalence was legally deficient. At step three, if the child does not meet or equal a Listing, eligibility for benefits may nevertheless be found based on "functional equivalence." 20 C.F.R. § 416.926a ("Functional equivalence for children"). To determine functional equivalence, the ALJ rates the child's degree of limitation as either "no limitation," "less than marked," "marked," or "extreme" in the following six "domains": "(1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for [one]self; and (6) health and physical well-being." 20 C.F.R. § 416.926a(b)(1)(i)-(vi). A finding of "marked" limitation in two domains or an "extreme" limitation in one domain results in a finding of disability. 20 C.F.R. § 416.926a(a), (d). A "marked" limitation is found when the child's "impairment(s) interferes seriously with [their] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(i). A "marked" limitation also means a limitation that is "more than moderate" but "less than extreme." Id. In making the findings, the ALJ considers the child's functioning in their activities at home, at school, and in the community. 20 C.F.R. §

3

416.926a(b)(1). For functional equivalence, the child's functioning is not compared to the requirements of any specific Listing. 20 C.F.R. § 416.926a(d).

In this case, the ALJ mentioned Plaintiff's reports of symptoms and her diagnoses of attention deficit hyperactivity disorder (ADHD) and low average to borderline intellectual functioning, as well as her need for an individual education program (IEP) and significant assistance in the special education program at her school. The record contains psychological assessments and statements from treating physicians and school officials. However, the ALJ did not address any of these treating source statements in the discussion of medical opinions, instead relying only on state agency consultants who reviewed the records but did not examine Plaintiff. The ALJ was required to take into account the length and extent of the treatment relationships, as well as the fact that "[a] medical source may have a better understanding of [the claimant's] impairment(s) if he or she examines [the claimant] than if the medical source only reviews evidence in [their] folder. 20 C.F.R. § 404.1520c(c)(3)(i)-(v); *see also Martin v. Saul*, 950 F.3d 369, 375 (7th Cir. 2020) (expressing disapproval where "ALJ assigned little weight to every medical opinion related to physical conditions except for the one provided by . . . an agency physician who never examined [the plaintiff]."); *Kaminski v. Berryhill*, 894 F.3d 870, 874–75 (7th Cir. 2018), amended on reh'g (Aug. 30, 2018) ("The judge also impermissibly cherry-picked evidence. Specifically, the judge appears to have overlooked the consulting psychologist's report . . . yet relied heavily on the reports of doctors who did not examine [plaintiff] but who opined that he could work with some restrictions.").

The ALJ concluded that the state agency opinions were generally persuasive, reasoning that "finding that the claimant would experience no more than one marked limitation in any area of functioning is consistent with examination evidence provided at the hearing level showing that

4

the claimant was cooperative, with a normal mood and affect, she was in no acute distress, and she was alert and oriented." AR 16-17. It is not apparent to the Court how Plaintiff's normal mood and lack of acute distress are inconsistent with low intellectual functioning, inability to focus, and difficulties in learning and retaining information. *See* 20 C.F.R. §§ 404.1520c(b)(2), (c)(1)-(2); 416.920c(b)(2), (c)(1)-(2) (requiring ALJ to analyze a number of factors when determining the weight to give to medical opinions in the record, particularly the consistency of the medical evidence with other medical and nonmedical sources).

Plaintiff points out reports showing that she has IQ results in the very low to below average range and education records documenting below grade-level mathematical skills and very serious difficulties in reading, writing, reading comprehension, following directions, and focusing long enough to finish tasks. The ALJ mentioned the fact that Plaintiff requires an IEP and was given psychological assessments, but concluded that "the statements concerning the claimant's symptoms and their impact on her functional ability are inconsistent with the record in light of her activities of daily living, the degree of medical treatment required, the reports of treating and examining practitioners, and the findings made during examination," and that "[o]verall, the record demonstrates that despite her attention deficit hyperactivity disorder and low average to borderline intellectual functioning, the claimant's examinations have nevertheless generally been within acceptable limits." AR 17. The medical records that the ALJ cites to in support of this apparent summary of relevant examinations are two reports of physician visits: The first includes notes from a sick visit for a cough, including no reference to Plaintiff's daily activities or her IQ, and only mentioning ADHD to note that Plaintiff "is doing great" on medication. AR 400-01. The second is the visit summary from a well child physical exam, including Plaintiff's physical statistics such as height and weight over time, as well as other information related to her general physical health

and development, with no notes about her ADHD or intellectual functioning. AR 491-92. Plaintiff is not claiming to be disabled because she once saw a doctor for a cough or is not growing appropriately. Neither of the cited medical records have anything to do with Plaintiff's low IQ, daily activities, or functional ability. To the extent that the ALJ was referring to the note about Plaintiff's success on medication, the Court notes that tolerating medication does not mean that all of the symptoms it is treating for have vanished. *See, e.g., Murphy v. Colvin*, 759 F.3d 811, 819 (7th Cir. 2014) (as amended Aug. 20, 2014) ("Simply because one is characterized as 'stable' or 'improving' does not necessarily mean that she is capable of doing light work."); *see also Bates v. Colvin*, 736 F.3d 1093, 1099 (7th Cir. 2013) ("An ALJ cannot rely only on the evidence that supports her opinion."); *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010) ("An ALJ has the obligation to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding."). Elsewhere in the opinion the ALJ mentioned that Plaintiff has issues with medication compliance as a reason to disbelieve the severity of Plaintiff's symptoms, apparently implying that if she were fully compliant, she would no longer experience impairments. It appears to the Court that a child failing to take ADHD medication regularly is actually further evidence of her difficulty focusing and following through on tasks, including tasks related to caring for herself.

      The Court's concern that the ALJ disregarded evidence that was inconsistent with a finding of non-disability extends to the treatment of Plaintiff's activities of daily living. The ALJ noted reports that Plaintiff had difficulty caring for herself, but concluded that those reports were inconsistent with Plaintiff's activities of daily living. The ALJ did not identify *how* Plaintiff's activities of daily living showed that she was capable of caring for herself, only noting that "the claimant is still able to carry out activities of daily living, such as progressing through school with

the assistance of an IEP, riding a bike, and playing with toys." AR 17. The ALJ did not mention that Plaintiff's mother reported that she is unable to do things like tie her shoes, bathe, or brush her teeth without assistance, *see* AR 39-10, 191, assertions that bear directly on whether the claimant has limitations in caring for himself. See SSR 09-7p, 2009 WL 396029 (February 17, 2009) at *5 (a typical school-age child "performs most daily activities independently (for example, dressing, bathing), but may need to be reminded"). Plaintiff's ability to attend school with significant educational and behavioral supports and capacity for playing with toys does not negate the reports that she needs a lot of help with her daily activities. It is not apparent to the Court how the ALJ reached the conclusion that Plaintiff's ability to care for herself is "less than marked," AR 16, since she did not explain why she discounted the significant reports in the record of Plaintiff's lack of "ability to independently initiate, sustain, or complete activities" of caring for herself. 20 C.F.R. § 416.926a(e)(2)(i). The Court is unable to trace a logical bridge to the ALJ's apparent conclusion that Plaintiff's ability to play with toys meant that she did not need as much assistance with other activities as she claims. *O'Connor-Spinner*, 627 F.3d at 618.

This case must be remanded for a thorough weighing of the evidence in the record, including considering the numerous psychological and educational reports demonstrating Plaintiff's limitations and clearly explaining how claimant's functional equivalence is supported by the record.

## VI. Conclusion

For the foregoing reasons, the Court hereby **GRANTS** the relief requested in Plaintiff's Opening Brief [DE 12] and **REMANDS** this matter for further proceedings consistent with this opinion.

SO ORDERED this 9th day of September, 2025.

                                            s/ John E. Martin_____
                                            MAGISTRATE JUDGE JOHN E. MARTIN
                                            UNITED STATES DISTRICT COURT

cc: All counsel of record